*29 OPINION of the Court, by
Judge Owsley.
Richard Calaway became entitled to 1400 acres of land, and died, leaving Patrick’s wife his heiress. Caleb Calaway claimed title to the land as heir to Richard, and in.1784 sold it to William Hay, who in the same year sold it to Woods. In the fall of the year 1784, Woods settled on the land, and has since made considerable improvements. There having been no patent obtained for the land, Patrick and his, wife, in her right as heir to Richard Calaway deceased, in 1791 procured one m their joint names ; alter which, in the same year, they both residing in Virginia, commenced an ejectment against Woods for the land; and after the separation of Kentucky from Virginia, the suit was dismissed for the want of security for costs. In 17 98 they again commenced an ejectment against Woods, and finally recovered judgment for the land. Patrick and his wife then exhibited their hill in chancery against Woods, in which he states the aforesaid facts, and further charges that Mrs. Patrick was an infant; that Woods had notice of her title in 1785 ; and prayed an account for rents, profits, &c. Woods bv his answer denies notice of Mrs. Patrick’s claim in 1785; alleges that he was a fair purchaser for a valuable consideration ; that he has made lasting and valuable improvements. By the agreement of the parties his answer was to be *30 considered in the nature of a cross bill, and on the hearing a decree to be made according to the rights of each party- An agreement was also made waiving all objections to the right of Patrick and wife to go into equity for ah account, but reserving to each party all legal rights. Commissioners were appointed by the parties to ascertain the rents, profits, waste and improvements, who made report, from which it appears the improvements exceeded the rents, &c. ¾139 4» On a final hearing the circuit court dismissed the bill of Patrick and wife, and decreed agáinst them in favor of Woods the amount which the improvements exceeded the rents, &c. From this decree both parties have prosecuted appeals.
In genera!f intereft not de* creed on the a-moúat of improvements or rents. '
On heaving of the caufe the courtought not to receive paro] proof to inr» peach the report of commis-fioners.
Evidence to invalidate, the '^ftimate made í>y the eommis. fioners upon view of the improvements ought to be certain and apply-to those identically and not to like improvements in the *zd, év'úy.
That Woods was a bona fide purchaser and possessor of the Ignd, is abundantly proven. The main points foy inquiry then are, from what period the account for rents, &c. must commence ? and for what improvements Wfiods, shall be compensated
The time when the charge for rents and profits shall commence, seems tp be subject at lav? to different rules than those which are applied ⅛ courts of equity ; and it is urged that in this ease the claim of Patrick and wife to rents and profits, is exclusively cognizable irt courts of law, and consequently the time when the charge for rents, &c. commences, should be fixed by the rules of law ; that the agreement of the parties, waiving all objections to the, chancery jurisdiction, does not af-fedt the principles by which the right is to be determined, but the court only that is to decide the cause. If the remedy of Patrick and wife was alone cognizable at daw, it would he certainly true that legal principles should fix the time from which the account for rents, Skc. should commence.
But it is conceived the -infancy of Mrs. Patrick gives to a court of equity jurisdiction for the purpose of decreeing ah account -for,the rents and profits : for in such cases equity will grant relief in favor of infants. Nor i.s this equitable jurisdiction confined to cases where the suit is commenced by the! infant daring infancy, as was urged in argument by Woods, but.to those cases where the rents and profits of an infant have been received. The claim of Patrick and wife not being purely legal, but ⅛ consequence of her infancy cognia *31 able in equity, the rules of equity must be applied for the purpose of fixing the time from which the account For rents commences. The rule seems well settled, that equity, when applied to in favor of infants, will decree the account to commence from the accrual of the title.
But it is urged on the part of Woods, that Patrick and his wife have shewn no title anterior to the date of their-patent, and consequently the da- e of their patent must be considered as the time their title accrued. Whatever weight this argument might merit in a controversy between independent and distinct adversary claims?, emanating under different titles, it certainly cannot avail Woods, who held under the same title with that of Patrick and wife ; but that as to him, their title must be considered to have accrued when he gained possession.
The next enquiry is, for what improvements is Woods entitled to compensation? In the case of Whitledge vs. Wait’s heirs, Pr. Dec. 397, it was adjudged, that in cases not 'within the occupying claimant law “ the bona fide possessor is entitled to an allowance for all necessary lasting and valuable improvements made cn the premises to the time - of eviction;” and in the case of Hart's heirs vs. Baylor, Hardin’s Reports 597, it was adjudged, that the value of the improvements, considered with reference to their utility and durability, and not the increased value of the land, is to be considered as the measure of compensation. From these cases Woods is entitled to compensation for all lasting and valuable improvements,’considered Vpith reference to their utility and durability, which were made on the land to the time of eviction.
To decree interest on the improvements would not only in effect violate decisions which this court has heretofore-given, but to adopt a general rule whereby interest should be given, would in many cases prove very prejudicial and unjust. We think therefore the best general rule which can be adopted in ordinary cases, is not to allow interest on the rents or improvements. We would not however be understood to say no possible case could, occur in which interest would act be allowed.
*32 That the circuit court decided correctly in refusing to permit Patrick and wife to introduce parol evidence on the tearing of the cause to impeach the report of the commissioners, v/e have no doubt. The report appears to have been made some considerable time before ; no notice was given to Woods, that such evidence would be offered, and under such circumstances it would have been highly unjust and improper to have permitted the inquiry. The objection taken to the report that the commissioners have given too large sums for improvements cannot be sustained. They have estimated the yalue of the improvements by an actual view and inspection, and most assuredly their report should be considered as more conclusive evidence of the real value, than ány evidence of what improvements might be made for in the country. For whether when the witnesses speak of what improvements could have been procured for, they had in view improvements of the description of those made by Woods, does not appear. We think therefore the evidence in this cause is not of that certain and conclusive description which can overturn the report of the commissioners. .The decision of the circuit court not having violated any principle herein contained must be affirmed, and each party pay his costs in this court. The decree against Patrick, must be affirmed with damages.